**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANEECE FIELDS,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>BANK OF NEW YORK MELLON; et al.,<br><br>    Defendants-Appellees. | No. 17-17537<br><br>D.C. No. 3:17-cv-00272-JST<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted August 15, 2018[**]

Before:  FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

   Janeece Fields appeals pro se from the district court's judgment dismissing

her action alleging federal and state law claims related to a loan on her real

property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal under Federal Rule of Civil Procedure 12(b)(6). *Cervantes v.*

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011).

We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

In her opening brief, Fields fails to address the grounds for dismissal of her claims related to the 2007 deed of trust, the dismissal of defendant Bank of America, the striking of her claims based on a violation of the state court's temporary restraining order, and the denial of her motion to name doe defendants. Therefore, Fields has waived her challenge to the district court's disposition of these claims and these issues. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

The district court properly dismissed Fields's claims related to the 2016 notice of default and notice of trustee's sale because Fields failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th

17-17537

Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by denying Fields's motion for leave to amend to add new defendants and claims based on a violation of the state court's temporary restraining order. *See Serra v. Lappin*, 600 F.3d 1191, 1200 (9th Cir. 2010) (setting forth standard of review and factors for permitting leave to amend).

**AFFIRMED.**